IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**UNITED STATES of AMERICA**

v.                                                                                  **Criminal No. 4:99cr21**

**BILLY LAMONT ROUSER,**

        **Defendant.**

**OPINION & ORDER**

The above matter regards two letters mailed to this Court from Defendant Billy Lamont Rouser ("Defendant"), requesting that his sentence be reduced due to the substantial assistance he provided to the Government. The Court construes these letters as a motion to compel a reduction of sentence under Rule 35(b) of the Federal Rules of Criminal Procedure. Because Defendant cannot show that a Rule 35(b) motion was unconstitutionally withheld by the Government, his motion is **DISMISSED**.

I. PROCEDURAL HISTORY

Defendant mailed a letter to this Court on July 27, 2006, requesting that his sentence be reduced by virtue of his cooperation with the Government. On September 11, 2006, the Court replied to Defendant's letter, stating that it was without power to grant Defendant's request for reduction of sentence under Rule 35(b) of the Federal Rules of Criminal Procedure.

The Court also forwarded a copy of its reply to the Assistant United States Attorney who

prosecuted Mr. Rouser's case, Linda Everhart ("Ms. Everhart"). Ms. Everhart responded that "Mr. Rouser has never assisted in any of [her] cases. [Her] agents found him less than credible when he was initially interviewed. . . . [and the attorneys who handled the cases Mr. Rouser claims to have assisted in] indicated that Mr. Rouser had not provided substantial assistance to them." Ms. Everhart continued that two Assistant United States Attorneys found that he "had fabricated information regarding several of their defendants." Ms. Everhart forwarded a copy of her reply to Defendant.

On October 12, 2006, this Court received a second letter from Defendant, in which he provides his reasons for believing that he is entitled to a reduction of sentence for his substantial assistance and requests that the Court appoint him an attorney to pursue this matter.

Because Defendant states that he is entitled to a reduction of sentence for his substantial assistance to the Government, the Court will construe his letters as a motion to compel reduction of sentence for substantial assistance under Rule 35(b).[1]

---

[1] Rule 35(b) of the Federal Rules of Criminal Procedure provides:

> (b) Reducing a Sentence for Substantial Assistance.
> (1) In General. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if:
> (A) the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; and
> (B) reducing the sentence accords with the Sentencing Commission's guidelines and policy statements.
> (2) Later Motion. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
> (A) information not known to the defendant until one year or more after sentencing;
> (B) information provided by the defendant to the government within one year of sentencing, but which

## II. STANDARD OF REVIEW

In limited circumstances, a federal district court has the authority to review a prosecutor's decision not to file a Rule 35(b) motion. The Court would have such authority if: (1) the prosecutor's discretion to file has been superseded by an agreement on the Government's behalf to file a Rule 35; or (2) the prosecutor's refusal to file is unconstitutional. Wade v. United States, 504 U.S. 181, 185 (1992); see United States v. Snow, 234 F.3d 187, 191 (4th Cir. 2000). A refusal to file is unconstitutional if the prosecutor's motive is improper or otherwise not rationally related to a legitimate government end. Wade, 504 U.S. at 186. To trigger a district court's review of a prosecutor's decision, a defendant must do more than claim he provided assistance or allege that the United States acted in bad faith: he must make a "substantial threshold showing" of one of the qualifying circumstances. Id. (observing that a substantial showing is the condition precedent to the right to discovery or an evidentiary hearing).

## III. DISCUSSION

---

did not become useful to the government until more than one year after sentencing; or
(C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.
(3) Evaluating Substantial Assistance. In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance.
(4) Below Statutory Minimum. When acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute.

FED.R.CRIM.P. 35(b)(emphasis added).

Defendant has failed to make a substantial threshold showing that the Government's reason for declining to file a Rule 35 motion was improper. According to Defendant, he cooperated in the prosecution of several cases. Defendant specifically alleges (1) that he attended a Grand Jury proceeding; (2) that his statements were used to prosecute two cases where the defendant plead guilty; and, (3) that he has otherwise cooperated whenever questioned by Drug Enforcement Agency agents and prosecutors, and continues to cooperate.

Defendant has not alleged any improper motive on the part of the Government for not filing a Rule 35 motion, nor is there any fact in the record that would call into question the Government's decision not to do so. Defendant's arguments are contradicted by Ms. Everhart, who contends that Defendant has failed to provide substantial assistance on the cases he claims to have aided, and that he has been found to be an incredible source by other Assistant United States Attorneys. Defendant has alleged a "serious conflict between the agents, myself, and the prosecutors"; however, he has not shown that Ms. Everhart's motive for not filing a Rule 35(b) "is improper or otherwise not rationally related to a legitimate government end."

IV. CONCLUSION

Because Defendant cannot show that he is entitled to a reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, his motion is **DENIED**.

The Clerk is **REQUESTED** to mail a copy of this Opinion and Order to Defendant and counsel of record for the United States.

Petitioner is **ADVISED** that he may appeal this Opinion and Order by forwarding a written notice of appeal to the Clerk, United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk

within sixty (60) days from the date of this Order. If Petitioner wishes to proceed <u>in forma pauperis</u> on appeal, the application to proceed <u>in forma pauperis</u> is to be submitted to the Clerk, United States Court of Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

    It is so **ORDERED**.

/s/<br>
HENRY COKE MORGAN, JR.<br>
UNITED STATES SENIOR DISTRICT JUDGE

Norfolk, Virginia  
October 18, 2006