IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

BILLY ROUSER,

Petitioner,

v.  Crim. Action No. 4:99cr21
Civil Action No. 4:13cv164

UNITED STATES OF AMERICA,

Respondent.

## OPINION AND ORDER

This motion is before the Court on Petitioner Billy Rouser's ("Petitioner") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, Doc. 220, as well as Petitioner's Motion to Compel Strict Performance Breach of Contract, Doc. 222 ("Motions"). For the reasons stated herein, the Court **DENIES** Petitioner's Motions in so far as they seek relief under Section 2255 and otherwise **CONSTURES** the instant Motions as a civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

## I. BACKGROUND

Petitioner pled guilty on July 12, 2000, to one (1) count of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846. Doc. 25. Petitioner's sentencing hearing took place on October 11, 2000. Doc. 39. The Court sentenced him to a total of three-hundred and sixty (360) months in prision and five (5) years of supervised release. Id.

Petitioner filed his first Section 2255 motion on October 18, 2001. Doc. 41. On December 10, 2001, the Court denied that motion. Id. No further Section 2255 motions were filed by Petitioner until the first instant Motion was filed on December 9, 2013. Doc. 220.

Finally, Petitioner also filed the second instant Motion for Strict Performance on December 9, 2013. Doc. 222.

## II. LEGAL STANDARD

A federal prisoner, in custody, may collaterally attack his sentence or conviction by moving the district court "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). When doing so, the petitioner bears the burden of proving that (1) his sentence or conviction was "imposed in violation of the Constitution or laws of the United States," (2) the district court "was without jurisdiction to impose such sentence," (3) the sentence exceeds "the maximum authorized by law," or (4) the sentence or conviction is "otherwise subject to collateral attack." Id. A petitioner must prove the asserted grounds for relief by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

Claims under Section 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). This limitation period runs from the latest of: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; or (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Id. § 2255(f)(1)–(4).

2

## III. ANALYSIS

The Court will first address Petitioner's claims brought under the framework of Section 2255. Applying the limitations scheme laid out in Section 2255, Petitioner's claim is untimely. Well more than one year has passed from the date on which the judgment of Petitioner's conviction became final on October 19, 2000. See Doc. 39. Additionally, none of the other possible methods of calculating timeliness under Section 2255 apply to Petitioner's claims. See 28 U.S.C. § 2255(f)(2)–(4). Therefore, in so far as any of Petitioner's claims can be addressed under Section 2255, they are untimely.

Secondly, regardless of the Court's findings on timeliness, the Court does not believe that Petitioner's claims state a ground for relief under Section 2255 at all. The four possible grounds for relief are provided above. See id. § 2255(a). Petitioner's claims, primarily relating to an a breach of his plea agreement based upon poor prison conditions, do not address any of these grounds. Therefore, even if the Court were to reach Petitioner's Section 2255 claim on its merits, it would be **DENIED**.

As Petitioner is complaining about the conditions of his confinement, this action should have been filed as a civil rights action pursuant to Bivens, not as a Petition for a Writ of Habeas Corpus. See Preiser v. Rodriguez, 441 U.S. 475, 499 (1973) (affirming previous decisions that held that a § 1983 action, a state prisoner civil rights action, is the appropriate remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody). Here, Petitioner is challenging his prison conditions, not the fact or length of his conviction.

Although the Supreme Court of the United States acknowledged that a prisoner challenging the conditions of his confinement may be able to challenge these conditions through a Petition for a Writ of Habeas Corpus, Petitioner's claims do not rise to the requisite level of an extreme constitutional violation to make his incarceration illegal. Id. ("When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making his custody illegal"). Accordingly, the Court **CONSTRUES** Petitioner's Motions as a Complaint filed pursuant to Bivens.

However, the Court is unable to determine from Petitioner's Complaint whether he has stated a cognizable claim for damages under Bivens. Petitioner recites a long list of statutes and building codes that he apparently believes have been violated during his custody. See Doc. 221 at 9–11. While stopping short of advocacy, the Court must be solicitous of pro se civil rights actions. See Gordon v. Leeke, 574 F.2d 1148, 1152–53 (4th Cir. 1978). Accordingly, Petitioner is given an opportunity to particularize his claims. See Coleman v. Peyton, 340 F.2d 603 (4th Cir. 1965). Petitioner is **ORDERED** to complete the enclosed questionnaire and return it to the Court within thirty (30) days from the date of this Order. In completing the questionnaire, Petitioner is **DIRECTED** to provide specific answers to the following interrogatories:

1. How were your constitutional rights violated? Specify the facts upon which you rely to support each allegation.

2. What harm have you suffered from Defendant's actions?

Any response to this questionnaire will be treated as an amendment to Petitioner's Complaint. Accordingly, Petitioner must submit the original to the Court, as well as one copy for each Defendant. Failure to complete and submit the proper number of copies of the questionnaire **MAY LEAD TO DISMISSAL OF THIS ACTION**.

Upon receipt of Petitioner's completed questionnaire, the Clerk is **DIRECTED** to conditionally file the document as an amendment to Petitioner's Complaint. Petitioner's Motions will then be fully addressed at that time.

## IV. CONCLUSION

For the above stated reasons, the Court **DENIES** Petitioner's Motions (Docs. 220 & 222) so far as they seek relief under Section 2255 Motion. However, the Court also **CONSTURES** Petitioner's Motions as a Complaint filed pursuant to Bivens.

Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural issue, a certificate of appealability as to the Court's ruling under Section 2255 is **DENIED**.

Petitioner is **ADVISED** that he may appeal this Order by forwarding a written notice of appeal to the Clerk, United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order. To proceed in forma pauperis on appeal, Petitioner must submit an application to proceed in forma pauperis to the Clerk, United States Court of Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **REQUESTED** to send a copy of this Order to Petitioner and to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October 24, 2014